NEWMAN, by guardian *ad litem,* Appellant, vs. ANDERSON, Respondent.

*December 8, 1927—March 6, 1928.*

*Physicians: Malpractice: Prescribing caustic ointment: Negligent compounding by druggist: Proximate cause: Question for jury.*

1. In a malpractice action to recover for burns sustained by the application of an ointment prescribed by the defendant physician, the question whether the failure of the defendant to give instructions to remove the ointment if it burned was the proximate cause of the burns sustained by plaintiff, or whether the proximate cause was the failure of a druggist to properly compound the ointment, is *held* for the jury.  pp. 201, 202.

2. A finding of the jury, on conflicting evidence, that the negligence of the physician in failing to give such instructions was a proximate cause of the burns, which was sustained by the proof, cannot be disturbed by the court.  p. 202.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge.  *Reversed.*

Malpractice to recover for burns sustained by *Frances Newman,* caused by the application of an ointment prescribed by the defendant, *Dr. Jens Anderson.*

The jury found that *Dr. Anderson* failed to exercise the degree of care required of physicians with reference to the instructions which he gave as to the application and the

removal of the ointment. The trial court changed this answer and granted judgment dismissing the action.

For the appellant there was a brief by *Whaley & Paulsen* of Racine, and oral argument by *Vilas H. Whaley* and *Martin R. Paulsen.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* and oral argument by *James T. Guy,* all of Milwaukee.

The following opinion was filed January 10, 1928:

STEVENS, J. (1) The evidence establishes the fact that the ointment prescribed by the defendant caused the burns. The only issue presented by the proof was whether defendant directed the plaintiff to remove the ointment if it burned. He testified that he gave that direction. The plaintiff and her mother testified that he directed that the ointment should not be removed until the next morning. The jury accepted the plaintiff's testimony upon this issue. The verdict is in accord with the undisputed fact that the plaintiff permitted the burning ointment to remain until her mother, after repeated efforts, had reached the defendant and secured his direction to remove the same.

The jury's answer that the defendant failed to exercise the degree of care required of practitioners of medicine should not have been changed by the court. Dr. Hansen, a witness called by the defendant, testified that the practice among physicians in that locality was to wash off the ointment if it produced irritation. The testimony of the defendant himself shows very clearly that a direction to remove the ointment if it burned was essential to an exercise of the degree of care and skill required of physicians in good standing in that community when they prescribed the use of this ointment.

(2) Defendant contends that plaintiff's burns were proximately caused by the failure of the druggist to properly com-

pound the ointment. The druggist testified in detail as to the method used in filling the prescription and stated that it was filled in accordance with the formula given him by the defendant. A chemist employed by the plaintiff to analyze the ointment was called by the defendant. He testified as to the result of two analyses which differed so widely from each other and from the prescription as to cause the chemist himself to have so little faith in the result that he thought he ought not to be called to testify as to his analyses. He explained these different results by the fact that a long time elapsed between the compounding of the ointment and his analyses of the same. There had been a previous application of ointment compound by another druggist from the same formula which did not cause burns when applied. At most the proof presented a jury issue as to whether the proximate cause of the burning was the failure of the druggist to properly compound the ointment or the failure of the defendant to give proper instructions as to its removal in case it burned. The jury's finding that the negligence of the defendant was the proximate cause of the burns is sustained by the proof and cannot be disturbed by the court.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the plaintiff.

A motion for a rehearing was denied, with $25 costs, on March 6, 1928.